# Exhibit 1

# Freedman, John A.

| | |
|---|---|
| **From:** | Freedman, John A. |
| **Sent:** | Friday, June 5, 2020 5:05 PM |
| **To:** | Payne, Julia; Fisher, Tom |
| **Cc:** | zzz.External.jkaye@aclu.org; Eyler, Gustav W.; Davis, Ethan P. (CIV) |
| **Subject:** | RE: ACOG v. FDA, No. 8:20-cv-1320 (D. Md.). |

Counsel --

We are following up on our discussion earlier this morning.

We reviewed the statute you cited, Indiana Code 16-34-2-1(a)(1). We fail to see how it provides a basis for intervention under guiding Fourth Circuit law. As we noted, the lawsuit only challenges the federal restrictions on mifepristone, not state laws regulating the provision of abortion care. The Indiana statute is ambiguous at best -- e.g., it purports to say that the provisions are "in accordance with FDA guidelines," while imposing requirements beyond those contained in the FDA's current labeling and REMS for mifepristone. This is not the sort of "significantly protectable interest" the Fourth Circuit has held is required. Rather, your concerns about follow-on litigation are the types of speculative, remote, and contingent interests that have been the basis for denial of intervention.

We also don't understand why the State's interest is not adequately represented by the federal government. The federal government and Indiana share the same ultimate objective: to preserve the mifepristone REMS. In the Fourth Circuit, "When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that [the movant's] interests are adequately represented against which the [movant] must demonstrate adversity of interest, collusion, or nonfeasance." *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976). Indeed, when the "party who shares the [movant]'s objective is a government agency, the [movant] has the burden of making a strong showing of inadequacy." *Stuart v. Huff*, 706 F.3d 345, 350 (4th Cir. 2013). We don't think Indiana can establish adversity, collusion, or nonfeasance.

Our offer to consent to an *amicus* brief by the State remains open. But we will oppose your request for intervention.

Best regards,

John

---

**From:** Fisher, Tom
**Sent:** Friday, June 5, 2020 9:27 AM
**To:** Freedman, John A. <John.Freedman@arnoldporter.com>; Payne, Julia <Julia.Payne@atg.in.gov>
**Cc:** Davis, Ethan P. (CIV) <Ethan.P.Davis@usdoj.gov>; jkaye@aclu.org; Eyler, Gustav W. <Gustav.W.Eyler@usdoj.gov>; Jacob, Katherine <Katherine.Jacob@atg.in.gov>
**Subject:** RE: ACOG v. FDA, No. 8:20-cv-1320 (D. Md.).

Mr. Freedman,

Thank you for bringing the case management order to our attention. We are available anytime this morning—or afternoon—to meet and confer via telephone concerning our proposed motion. I have copied my assistant Kathy Jacob to help with scheduling.

Thanks very much.

1

TMF

---

**From:** Freedman, John A. [mailto:John.Freedman@arnoldporter.com]
**Sent:** Thursday, June 4, 2020 9:57 PM
**To:** Fisher, Tom <Tom.Fisher@atg.in.gov>; Payne, Julia <Julia.Payne@atg.in.gov>
**Cc:** Davis, Ethan P. (CIV) <Ethan.P.Davis@usdoj.gov>; jkaye@aclu.org; Eyler, Gustav W. <Gustav.W.Eyler@usdoj.gov>
**Subject:** RE: ACOG v. FDA, No. 8:20-cv-1320 (D. Md.).

****This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email.****

Counsel,

We understand that the State of Indiana supports the retention of the mifepristone REMS during the pandemic, and we consent to your filing an amicus brief in support of Defendants.

With regard to your proposed motion, we suggest you familiarize yourself with the case management order in this matter, which requires a pre-motion notice and conference before motions can be filed. I have attached a copy for your reference. In advance of that session with Judge Chuang, under the local rules, we think a meet and confer would be appropriate.

One of the things that we want to discuss is that we are confused by your suggestion that this lawsuit implicates state law. We are challenging only the federal restrictions on this medication; state laws regulating the practice of medicine, including with regard to medication abortion, would remain in place regardless of the outcome of this suit. Can you explain why, in light of that, you think you meet the standards for intervention?

We would appreciate if you could let us know whether you plan to proceed with an amicus brief, or provide times when you would be available to meet and confer over your proposed motion. We are available to meet before noon ET tomorrow June 5.

Thanks,

John

---

**From:** Fisher, Tom <Tom.Fisher@atg.in.gov>
**Sent:** Thursday, June 4, 2020 5:47 PM
**To:** Eyler, Gustav W. <Gustav.W.Eyler@usdoj.gov>; Freedman, John A. <John.Freedman@arnoldporter.com>
**Cc:** Davis, Ethan P. (CIV) <Ethan.P.Davis@usdoj.gov>; Payne, Julia <Julia.Payne@atg.in.gov>
**Subject:** ACOG v. FDA, No. 8:20-cv-1320 (D. Md.).

External E-mail

Dear Counsel,

The State of Indiana, on behalf of itself and potentially other states, plans to file a motion to intervene in support of Defendants in *ACOG v. FDA*, No. 8:20-cv-1320 (D. Md.). We plan to seek intervention of right, or alternatively permissive intervention, on multiple grounds, including that the constitutionality of the FDA REMS requirements for mifepristone may implicate state laws requiring in-person consultation with a physician prior to administration of mifepristone and otherwise.

2

We plan to file our motion to intervene on Monday, June 8.  So that we may include it in the motion, please let us know what position, if any, your clients will take with respect to Indiana's request to intervene in the case.

Kind regards,

TMF

**Thomas M. Fisher**
Solicitor General
State of Indiana
Office of Attorney General Curtis Hill
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
t: 317.232.6255 | f: 317.232.7979
tom.fisher@atg.in.gov



CONFIDENTIALITY NOTICE: This communication and any attachments are for the exclusive and confidential use of the intended recipient and may contain privileged or other confidential information. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client, work product or other applicable privilege by the transmission of this message.

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

CONFIDENTIALITY NOTICE: This communication and any attachments are for the exclusive and confidential use of the intended recipient and may contain privileged or other confidential information. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client, work product or other applicable privilege by the transmission of this message.

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

CONFIDENTIALITY NOTICE: This communication and any attachments are for the exclusive and confidential use of the intended recipient and may contain privileged or other confidential information. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client, work product or other applicable privilege by the transmission of this message.

CONFIDENTIALITY NOTICE: This communication and any attachments are for the exclusive and confidential use of the intended recipient and may contain privileged or other confidential information. If you are not the intended

recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client, work product or other applicable privilege by the transmission of this message.