

| | |
|---|---|
| Hilary K. Perkins | Hilary.K.Perkins@usdoj.gov |
| Trial Attorney | (202) 307-0052 |

July 6, 2020                                                         *VIA ECF*

Hon. Theodore D. Chuang
U.S. District Court for the District of Maryland
6500 Cherrywood Lane, Suite 245A
Greenbelt, MD 20770

> Re:   *American College of Obstetricians and Gynecologists et al. v. U.S. Food
> and Drug Administration et al.*, No. 8:20-cv-1320-TDC (D. Md.)

Dear Judge Chuang:

Defendants respectfully submit this letter in response to Plaintiffs' July 6 letter, Dkt. 86, regarding the Supreme Court's recent stay of the district court's order in *People First* granting a preliminary injunction against certain Alabama voting requirements. *See Merrill v. People First of Ala.*, No. 19A1063, 2020 WL 3604049 (U.S. July 2, 2020). In their June 26 letter, Plaintiffs argued that *People First* "is analogous to the case at bar on both the facts and the law," Dkt. 79, at 1, and attached as an exhibit the Eleventh Circuit's denial of the State's emergency motion to stay the preliminary injunction pending appeal, *see* Dkt. 79-1. As Defendants explained in their July 1 response, *People First* is inapposite for "multiple reasons," including that *People First* "applied an entirely different set of rules and precedents" and involved distinctly different "benefits and burdens." Dkt. 83, at 1-2.

Now that the Supreme Court has stayed the district court's order pending appeal, Plaintiffs have switched course and now appear to agree with Defendants that *People First* is inapposite. *See* Dkt. 86, at 2 (arguing that "timing and administrability" concerns raised in the State's stay application are "specific to the elections context and inapposite to the instant case"). Plaintiffs attempt to distinguish *People First* based on arguments asserted by the State in its stay application to the Supreme Court, *see id.* at 1-2 (discussing considerations "absent from the instant case," including "extraordinary measures" undertaken by the State in response to COVID-19 and the State's interest in preventing voter confusion and voter fraud and ensuring uniformity in administering elections), but the State asserted identical arguments in its emergency stay motion in the Eleventh Circuit, *see* Brief of Appellants at 3, 4, 18, *People First of Ala. v. Sec'y of State for the State of Ala.*, No. 20-12184 (11th Cir. June 25, 2020). Thus, the reasons Plaintiffs give for distinguishing the Supreme Court's recent stay decision apply with equal force to the Eleventh Circuit's decision.

In any event, for the reasons discussed in Defendants' July 1 response, Dkt. 83, *People First* does not support Plaintiffs' claims, and the Supreme Court's recent stay of the district court's order reaffirms this conclusion.

2

                        Very truly yours,

                        GUSTAV W. EYLER
                        Director
                        Consumer Protection Branch
                        Civil Division

By: */s/ Hilary K. Perkins*
                        Hilary K. Perkins
                        Trial Attorney
                        Consumer Protection Branch

cc (via CM/ECF):
Counsel of Record

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 6, 2020, I served a copy of this correspondence by filing it with the

Court's CM/ECF system, which transmits a copy to all registered parties.


*/s/ Hilary K. Perkins*
Hilary K. Perkins
Trial Attorney
Consumer Protection Branch