UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| AMERICAN COLLEGE OF OBSTETRICIANS AND GYNECOLOGISTS, *on behalf of its members and members' patients*, COUNCIL OF UNIVERSITY CHAIRS OF OBSTETRICS AND GYNECOLOGY, *on behalf of its members and members' patients*, NEW YORK STATE ACADEMY OF FAMILY PHYSICIANS, *on behalf of its members and members' patients*, SISTERSONG WOMEN OF COLOR REPRODUCTIVE JUSTICE COLLECTIVE, *on behalf of its members and members' patients*, and HONOR MACNAUGHTON, M.D., <br><br>   Plaintiffs, <br><br>   v. <br><br> UNITED STATES FOOD AND DRUG ADMINISTRATION, STEPHEN M. HAHN, M.D., *in his official capacity as Commissioner of Food and Drugs, and his employees, agents and successors in office,* UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES and ALEX AZAR, J.D., *in his official capacity as Secretary, United States Department of Health and Human Services, and his employees, agents and successors in office*, <br><br>   Defendants. | Civil Action No. TDC-20-1320 |

**ORDER**

Pending before the Court is the Intervenors' Motion to Reconsider, filed by the states of

Indiana, Louisiana, Alabama, Arkansas, Idaho, Kentucky, Mississippi, Missouri, Nebraska, and

Oklahoma ("the Opposing States"), ECF No. 88.  On June 15, 2020, the Court denied the Opposing States' Motion to Intervene, ECF Nos. 51, 72.  In the Motion to Reconsider, the Opposing States submit their proposed Answer to Plaintiffs' Amended Complaint to comply with the requirement of Federal Rule of Civil Procedure 24(c) that a motion to intervene be accompanied by a pleading setting out the proposed intervening party's clime or defense.

Under Federal Rule of Civil Procedure 54, an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).  Reconsideration under Rule 54(b) is at the sound discretion of the district court.  *See Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003).  Although the Rule 54(b) standard is not as exacting as the Rule 59 and 60 standard, *see Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991), revisiting earlier rulings is still "subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again,'" *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (quoting *Zdanok v. Glidden Co., Durkee Famous Foods Div.*, 327 F.2d 944, 953 (2d Cir. 1964)).

Upon review of the Motion, the Court finds no basis to reconsider its prior ruling.  The Court's decision to deny the Motion to Intervene was not solely dependent on the failure to include a proposed Answer, and upon review of the proposed Answer, the Court finds no basis to alter its prior ruling.

Accordingly, it is hereby ORDERED that the Motion to Reconsider, ECF No. 88, is DENIED.


Date:  July 13, 2020  /s/ *Theodore D. Chuang*
THEODORE D. CHUANG
United States District Judge